**In the Matter of the Application for the DISCIPLINE OF Seth Robert PHILLIPS, an Attorney at Law of the State of Minnesota.**

C5–78–49629.

Supreme Court of Minnesota.

Nov. 2, 1984.

ORDER

The above-entitled matter comes before this court upon the stipulation of the parties which provides as follows:

WHEREAS, on February 16, 1978, the Director filed a petition for disciplinary action against respondent;

WHEREAS, on December 11, 1978, the Director and respondent filed a stipulation which provided in paragraph 14F as follows:

Respondent shall promptly pay to Mrs. Helen Fox any sum of money which he might be ordered to pay by a court of competent jurisdiction, as a result of any action commenced against him by Mrs. Fox or which he might agree to pay in any settlement agreement between him and Mrs. Fox;

WHEREAS, on July 15, 1979, the court rejected the December 11, 1978, stipulation, whereupon the Director and respondent filed an August 14, 1979, amended stipulation which provided in paragraph 14F as follows:

Respondent's accounting of the funds of Mrs. Helen Fox shall be examined, at Respondent's expense, by an auditor chosen by Petitioner, and Respondent shall promptly pay to her any amount found owing by the auditor. Respondent shall promptly pay any additional amount found owing by a court of competent jurisdiction;

WHEREAS, the August 14, 1979, amended stipulation was signed and accepted by respondent with the following understanding:

a. The acceptance of the auditor was premised upon the auditor's determination being subject to review and confirmation either by the Board of Professional Responsibility and/or a court of competent jurisdiction;

b. Respondent had the right to be heard by the auditor and the body who reviews and confirms the auditor's report;

c. The signing of the Stipulation was not a representation of concurrent ability to pay, inasmuch as respondent was in financial straits;

WHEREAS, the court accepted the amended stipulation in its October 1, 1979, probation order placing respondent on probation for five years (through October 1, 1984);

WHEREAS, the court's probation order provided in paragraph 5:

Mr. Phillips' accounting of the funds of Mrs. Helen Fox shall be examined at Mr. Phillips' expense by an auditor chosen by the Administrative Director, and Mr. Phillips shall promptly pay to her any amount found owing by the auditor. Mr. Phillips shall promptly pay any additional amount found owing by a court of competent jurisdiction. The acceptance of the auditor is premised upon the auditor's determination being subject to review and confirmation either by the Board of Professional Responsibility and/or a court of competent jurisdiction. Mr. Phillips shall have the right to be heard by the auditor and the body who reviews and confirms the auditor's report;

WHEREAS, on March 1, 1982, respondent petitioned the court to modify the probation order requiring the audit;

WHEREAS, on March 24, 1982, the court denied respondent's petition and ordered that the accounting be accomplished on or before July 1, 1982, and that failure to comply would result in respondent's suspension until the accounting was completed;

WHEREAS, on June 1, 1982, respondent petitioned the court for an order staying the court's March 24, 1982, order requiring the audit;

WHEREAS, on June 30, 1982, the court vacated its March 24, 1982, order;

WHEREAS, the Director and respondent agree that the audit could not conclusively determine the amount owing, if any, to Fox and the audit's cost would most likely be more than Fox's initial investment with respondent;

WHEREAS, Fox is now deceased and her niece, Marie Fassler, has survived her;

WHEREAS, respondent's March 1, 1982, petition to modify the probation order and respondent's June 1, 1982, petition are pending before the court;

WHEREAS, referee David E. Christensen has filed his November 30, 1983, findings of fact, conclusions of law and recommendation concerning the Director's February 11, 1983, petition for disciplinary action;

NOW, THEREFORE, IT IS HEREBY AGREED between the undersigned as follows:

1. Respondent's probation shall continue unsupervised until he reimburses $1,000 to Fassler, Helen Fox's niece, and provides the Director with proof of payment.

2. The Director and respondent jointly recommend to the court that all pending petitions be resolved with this stipulated disposition. The pending petitions include the Director's February 16, 1978, petition for disciplinary action, respondent's March 1, 1982, petition to modify the probation order, and respondent's June 1, 1982, petition for an order staying the court's March 24, 1982, order requiring an audit.

3. Respondent understands he has the rights, pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), to contest the referee's findings and conclusions, and to a hearing before the supreme court upon the record, briefs and arguments.

4. Respondent further understands that upon signing of this stipulation and its filing with the supreme court, an order in conformity with this stipulation may be made and entered without further hearing.

5. Respondent has been, and continues to be, advised by legal counsel in connection with these proceedings. This stipulation is entered into by respondent freely and voluntarily, without any coercion or duress or representations by any person regarding the effects of this stipulation other than as stated herein.

Based upon the records, files and proceedings herein, and the stipulation of the parties,

IT IS HEREBY ORDERED:

1. Respondent Seth Robert Phillips shall continue on unsupervised probation until he pays to Marie Fassler, niece of Helen Fox, the amount of $1,000 and provides the Director of Lawyers Professional Responsibility with proof of payment.

2. The Director's February 16, 1978 petition for disciplinary action, respondent's March 1, 1982 petition to modify the probation order and respondent's June 1, 1982 petition for an order staying the court's March 24, 1982 order, all of which are pending before this court, are hereby resolved.